GRIFFIN v. GLEN MANUFACTURING Co.

A direction by an employer, given in a harsh and loud tone of voice, to
   his employé to do a lawful and proper act within the scope of his
   employment, who thereupon does the act improperly whereby a fellow
   servant is injured, is not such negligence in the employer as will entitle
   the person injured to maintain an action against him for damages.

   CASE, for injuries from the alleged negligence of the defendants.
The plaintiff's evidence tended to show the following facts: No-

vember 26, 1889, the defendant corporation was building a branch railroad from its mills to the Grand Trunk Railway's road, employing some eighty men, twenty of whom were working in a rock-cut. James Perry was superintendent of the work and of the men. The plaintiff with others was engaged in raising stone blasted in the cut to the bank above, eight or ten feet. The machinery used consisted of a portable steam engine stationed on the bank and managed by an engineer, a derrick supplied with ropes, chains, and hooks, and a scale-board with rings of iron for connecting it with the derrick. The hooks were two and a half or three inches long and slightly rounding, and had to be held in place when hooked to the rings in the scale-board till "the ropes took the strain," or they would become unhooked. The machinery was operated by power from the engine. The method of using the machinery was as follows:

The scale-board was lowered into the cut, where it was filled by men stationed there for that purpose. When filled, they adjusted the hooks in the rings and signaled the engineer by raising a hand to hoist it, who did so slowly until the ropes became taut and the hooks were made tight in the rings, when the scale-board was taken up, unloaded, and returned. On the day of the accident, the plaintiff with three others was in the cut loading the scale-board. When loaded, the hooks were inserted in the rings and held in place by the workmen. The plaintiff, holding a hook in place with his left hand, gave the signal to the engineer with his right. While he was in this position, Perry came along, and in a loud and harsh voice halloed to the engineer, with an oath, "Hoist her! hoist her! there is a team waiting!" The engineer applied the steam, and the scale-board went up on a jump, without the ropes' "taking the strain," or the plaintiff's having time to get out of the way. The hook opposite him became unfastened, and the scale-board coming in contact with the plaintiff, he was thrown against the wall and injured.

No question was raised but that the engineer and the four men in the cut were co-servants. The defendants moved for a nonsuit, which was denied, subject to exception. At the close of the evidence, a motion that a verdict be ordered for the defendants was also denied, subject to exception. Verdict for the plaintiff, which the defendants moved to set aside.

*Twitchell & Goss* and *Robert N. Chamberlin,* for the plaintiff.

*Drew & Jordan, Ladd & Fletcher, William P. Buckley,* and *Daniel J. Daley,* for the defendants.

SMITH, J. The question has been elaborately argued whether Perry, in giving the order to the engineer for hoisting the scale-board, was acting as vice-principal, or as a fellow-servant of the

plaintiff.  In the view we take of this case that question need
not be considered.  Assuming as most favorable for the plaintiff
that he was vice-principal, there was no evidence of negligence on
his part competent to be considered by the jury.  No question is
made of the competency of the fellow-servants, and there is no
allegation of defective machinery or appliances, nor of lack of
instruction of the plaintiff as an inexperienced employé.  The
only negligence claimed is the harsh and loud tone of voice in
which the direction to the engineer was given.

The direction to the engineer was not a command to hoist the
scale-board improperly, nor more quickly than usual.  He could
not reasonably understand he was to act in such manner as to
endanger the safety of others.  He was not commanded to do an
unlawful act, nor a lawful act in an improper manner.  There
was nothing in the fact that a team was waiting that required
undue haste in hoisting the board.  That was the only reason
given by Perry to the engineer to attend to the duty assigned to
him.  There was no danger of injury to the team nor from it, by
collision or otherwise.  The negligent manner of hoisting the
board was the act of the engineer, and not of Perry.

The motion for a nonsuit should have been granted.

*Exceptions sustained.*

CHASE, J., did not sit: the others concurred.